Mark C. Mao (SBN 236165)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: 415.293.6800
Facsimile: 415.293.6899
Email: mmao@bsfllp.com

Menno Goedman (SBN 301271)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131
Email: mgoedman@bsfllp.com

*Counsel for Plaintiffs Ripple Labs Inc. and Bradley Garlinghouse*

David H. Kramer (SBN 168452)
Amit Q. Gressel (SBN 307663)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.493.9300
Facsimile: 650.565.5100
Email: dkramer@wsgr.com, agressel@wsgr.com

Brian M. Willen (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: 212.999.5800
Facsimile: 212.999.5899
Email: bwillen@wsgr.com

*Counsel for Defendant YouTube, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIPPLE LABS INC. AND BRADLEY GARLINGHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC,<br><br>Defendant. | Case No. 20-cv-2747-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiffs Ripple Labs Inc. and Bradley Garlinghouse and Defendant YouTube, LLC submit this Joint Case Management Statement & Proposed Order.

**1.      JURISDICTION & SERVICE**

This Court has subject-matter jurisdiction over Plaintiffs' Lanham Act claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the entire action under 28 U.S.C. § 1367. Neither party objects to venue or disputes personal jurisdiction. Defendant was served on April 30, 2020. Dkt. 12.

**2.      FACTS**

**<u>Plaintiffs' Brief Statement of Facts</u>**

Plaintiffs initiated this action because YouTube has actively contributed to and utterly failed to stop a widespread and harmful Scam occurring on its platform.

The Scam involves blatant infringement of Ripple's protected trademarks and abuse of Mr. Garlinghouse's likeness. The Scam is perpetrated in several ways and comes in various permutations. One common iteration of the Scam occurs as follows: an unknown third-party hacks or creates a popular YouTube account or channel; uses the account to impersonate Ripple and/or Mr. Garlinghouse, often by using Ripple's marks or Mr. Garlinghouse's name and image; runs video content relating to Ripple and/or Mr. Garlinghouse; and promotes a fraudulent "XRP Giveaway," which induces viewers to send XRP (a virtual currency) to an online wallet with false promises that the sender will receive a windfall of XRP in return. The windfall never comes and the viewer becomes a victim of the Scam.

The Scam is widespread on YouTube. Ripple has sent YouTube more than 350 takedown notices in connection with the Scam and the infringement it involves. YouTube's own users and creators have likewise reported the Scam to YouTube. And the Scam has received widespread media coverage. At the time the Complaint was filed, the Scam had defrauded victims out of millions of XRP valued at hundreds of thousands of dollars. The Scam has also inflicted substantial and irreparable reputational harm on Ripple and Mr. Garlinghouse, as detailed in the Complaint.

Notwithstanding the Scam's pervasiveness, YouTube routinely refused to take *any* remedial

action. And, when YouTube took action, its efforts were belated and inadequate. This inaction occurred even as YouTube regularly touted robust tools and resources for content moderation, and even as its platform policies purport to prohibit fraudulent content, like the kind at issue in this case.

YouTube's misconduct went beyond passive inaction. Instead YouTube actively supported and materially contributed to the Scam. For example, YouTube verified hacked accounts that were actively engaged in impersonating Mr. Garlinghouse and were perpetrating the Scam. Separately, YouTube helped to create, sold, optimized, and profited from fraudulent ads that impersonated Mr. Garlinghouse and Ripple while promoting the Scam. These ads directly infringed on Ripple's protected marks and misused Mr. Garlinghouse's name and likeness.

Plaintiffs thus brought this action to seek redress and to compel YouTube to stop the Scam. Plaintiffs assert claims against YouTube for contributory trademark infringement under the Lanham Act (Count 1), for violations of Mr. Garlinghouse's statutory and common law right of publicity (Count 2), and for unlawful, fraudulent, and unfair business practices under California's Unfair Competition Law ("UCL") (Count 3).

**Defendant's Brief Statement of Facts**

Amidst the many hundreds of millions of YouTube users and the billions of videos uploaded to the platform, a handful of dedicated scammers have taken to trying to scam users interested in cryptocurrencies. These scammers will highjack a popular YouTube channel (usually through a phishing scheme aimed at the channel owner), convert it into a channel that appears to be related to cryptocurrency or officials of a cryptocurrency company like Ripple, and then attempt to defraud YouTube users out of their digital currency making a "too good to be true" offer of doubling the consumer's cryptocurrency, for free.

YouTube has absolutely no connection to these scammers, who abuse its platform in violation of YouTube's longstanding rules against hijacking, scams, and deceptive impersonations. Indeed, far from being supportive or indifferent to these scammers' misconduct, YouTube in fact has invested considerable resources (including state-of-the art technology) into stopping this scam

and others like it. In addition to its proactive anti-scam measures, YouTube also has flagging tools that allow users or other third parties to alert it to possible incidents of the scam—or other violations, such as of YouTube's deceptive impersonation or trademark policies—so that videos or accounts can be reviewed and, if warranted, removed. Combatting these scams is an important priority for YouTube, and has been since before this case was filed. But the scammers responsible are sophisticated and dedicated, and the Ripple scam in particular is constantly evolving. Nevertheless, YouTube's anti-fraud efforts remain ongoing and YouTube is fully aligned with Plaintiffs' desire to see this scam stopped.

While YouTube remains dedicated to fighting the scam, Plaintiff's efforts to hold YouTube liable for the scammers' misconduct is both legally and factually baseless. Plaintiffs' state-law claims run directly into the immunity provided by Section 230 of the Communications Decency Act, 47 U.S.C § 230. This "provision [was] enacted to protect websites against the evil of liability for failure to remove offensive content." *Fair Housing Council v. Roommates.Com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc), which is precisely what Plaintiffs seek to do here. This is a heartland Section 230 case, which categorically bars Plaintiffs' claims for alleged violations of Mr. Garlinghouse's right of publicity and California's Unfair Competition law. But even beyond Section 230, Plaintiffs have no claim against YouTube. They cannot show that YouTube, as opposed to YouTube's *users*, used Mr. Garlinghouse's identity or personally participated in the scam, which dooms their right of publicity and UCL claims respectively. Finally, Plaintiffs' contributory trademark infringement claims fail because YouTube never failed to act on knowledge of any specific incidents of alleged infringement or specific infringing users. On the occasions when Ripple provided notice of violations of its trademarks in connection with the scam, YouTube removed the identified material.

### 3. LEGAL ISSUES

The primary legal issues in dispute are as follows:

- Whether Defendant is liable for contributory trademark infringement under the Lanham Act?
- Whether Defendant is immune to liability for Plaintiffs state law claims by operation of Section 230 of the Communications Decency Act?
- Whether Defendant violated Mr. Garlinghouse's right of publicity?

- Whether Defendant's conduct is an unlawful, fraudulent, or unfair business practice under California law?

## 4. MOTIONS

Defendant moved to dismiss the Complaint on July 20, 2020. Dkt. 26. Plaintiffs opposed the motion, Dkt. 29, and Defendant replied, Dkt. 33. A hearing was held on the motion on November 5, 2020 at 9:30 am PST. No other motions are currently pending.

## 5. AMENDMENT OF PLEADINGS

Plaintiffs have not amended their original complaint.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred during the parties' Rule 26(f) conference regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

The parties agree in principle that a stipulated order as to ESI is appropriate in this case. Accordingly, the parties will file such a stipulated order for the Court's consideration prior to the start of discovery.

## 7. DISCLOSURES

The parties agree that initial disclosures should be made within 14 days of the pleadings being settled.

## 8. DISCOVERY

### A. Discovery Taken to Date

To date, no discovery has been taken as part of this litigation.

### B. Timing of Discovery Commencement

The parties agree that discovery will commence 14 days after the pleadings are settled. The parties further agree that, within 7 days of the pleadings being settled, they will meet and confer as to a proposed discovery schedule and submit a proposed schedule for the Court's consideration and approval, as detailed in Section 16 herein.

### C. Protective Order

Prior to the exchange of initial disclosures, the parties will meet and confer and then file a protective order with the Court.

### D. Proposed Limitations or Modifications to Discovery Rules

*Depositions.*

**Plaintiffs' Position**: The complexity of this case will require depositions in excess of the number otherwise permitted under Rule 30(a)(2). Ripple has proposed that it be permitted to take least 15 depositions, and that the parties agree to meet and confer in good faith as to additional depositions that may prove necessary and appropriate in excess of that number. If the parties are unable to stipulate to the same, Ripple reserves the right to seek leave from the Court.

**Defendant's Position**: YouTube does not believe that this case is overly complex and believes that the number set forth in Rule 30(a)(2) is enough. If, however, Plaintiffs exhaust their depositions, YouTube will meet and confer in good faith regarding additional depositions.

### E. Stipulated E-Discovery Order

The parties will file a stipulated order governing discovery of ESI for the Court's consideration.

### F. Proposed Discovery Plan

Within 7 days of the pleadings being settled, the parties will file a proposed order setting forth a case schedule, to include a discovery plan, for the Court's consideration.

### G. Current Discovery Disputes

There are no discovery disputes at this time, aside from the aforementioned disagreement as to the appropriate number of depositions. The parties will meet and confer prior to raising this or any other such dispute with the Court.

## 9. RELATED CASES

There are no related cases.

## 10. RELIEF

Plaintiffs seek injunctive relief, as well as compensatory, statutory, and punitive damages

in the amount permitted by law and to be proved at trial. Plaintiffs also seek restitution, costs, pre- and post-judgment interest, and any other relief the Court may deem just and proper.

Defendant does not believe Plaintiffs are entitled to any of the relief they seek.

### 11. SETTLEMENT AND ADR

The parties have informally explored settlement, but have thus far been unable to reach agreement. The parties have not engaged any formal ADR processes.

### 12. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented, Dkt. 13-14, to a magistrate judge conducting all proceedings in this case.

### 13. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration or a special master.

### 14. NARROWING OF ISSUES

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

### 15. EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

### 16. PROPOSED CASE SCHEDULE

Within 7 days of the pleadings being settled, the parties will file a proposed order setting forth a case schedule for the Court's consideration.

### 17. TRIAL

This case will be decided by a jury trial.

**Plaintiffs' Position:**

Plaintiffs currently estimate the trial in this case will last 7-10 days. Should Plaintiffs' estimate change, Plaintiffs will promptly notify the Court.

**Defendant's Position:**

Defendant estimates that a trial in this case would last approximately 3-5 days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, the parties have made the required Certification of Interested Entities or Persons.  Dkt. 7 (Plaintiffs); Dkt. 37 (Defendant)

**19.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: Nov. 5, 2020

By:  /s/ Menno Goedman

Menno Goedman (SBN 301271)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC  20005
Telephone: 202.237.2727
Facsimile: 202.237.6131
Email: mgoedman@bsfllp.com
*Counsel for Plaintiffs*

By:  /s/ Brian M. Willen

Brian M. Willen (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: 212.999.5800
Facsimile: 212.999.5899
Email: bwillen@wsgr.com
*Counsel for Defendant*

Pursuant to the foregoing stipulation, **IT IS SO ORDERED**.

Dated: 

The Honorable Laurel Beeler
UNITED STATES MAGISTRATE JUDGE